NATHAN OWENS v. G. B. HILL AND W. M. SMATHERS.

(Filed 2 March, 1938.)

1. **Automobiles § 18a—Evidence held not to show that condition of truck or fact that it was overloaded proximately caused injury.**

   Plaintiff employee's allegation and evidence tended to show that he was injured when he fell from a stationary truck as he was attempting to replace a sack of corn which had fallen off. There was no evidence that the condition of the truck or the fact that it was overloaded contributed to or proximately caused him to fall. *Held:* Plaintiff's allegation and evidence that the truck was overloaded and in disrepair are immaterial.

2. **Appeal and Error § 37d—**

   The verdict of the jury on conflicting evidence is conclusive in the absence of error of law in the trial.

3. **Appeal and Error § 47a—**

   A new trial for newly discovered evidence will not be allowed in the Supreme Court when the evidence relied on is immaterial in determining the ultimate rights of the parties.

APPEAL by plaintiff from *Johnston, J.,* at November Civil Term, 1937, of BUNCOMBE. No error.

This is a civil action instituted by the plaintiff, an employee of the defendant G. B. Hill, to recover for personal injuries sustained on 25 May, 1936. The plaintiff, accompanied by his employer, was driving a truck loaded with corn from the farm of the defendant Hill in Henderson County to Asheville, N. C. One of the sacks of corn fell off the truck. The plaintiff stopped and the defendant Hill directed him to go back and get the sack of corn and replace it on the truck. After putting the sack of corn on the truck the plaintiff climbed up on the left running board and fender of the truck for the purpose of so adjusting the sack of corn that it would not again fall off. He slipped and fell just as the defendant W. M. Smathers was driving his car by the truck. He was hit and injured by the car of the defendant Smathers. From the fall and his contact with the car of the defendant Smathers he suffered serious injury.

Plaintiff alleges that the defendant Hill was negligent in that he had said truck overloaded; that he had the sacks of corn piled on the truck higher than the side boards of the same and refused to permit the plaintiff to tie said sacks down so that they would not fall off, although the plaintiff requested to be permitted to do so; that said defendant failed to furnish the plaintiff with sufficient help to handle said sack of corn, which was too heavy for one man; that the said truck was not properly equipped and was not in proper condition to haul heavy loads; and that the defendant Hill ordered him to climb up on the running board and fender of the car to adjust the sack of corn which had fallen off.

He alleges that after he had fallen and was lying in the middle of the road the defendant Smathers carelessly and negligently failed to properly observe and see the plaintiff in his place of danger and peril, failed to keep his automobile under proper control, failed to give proper warning, and failed to stop his car before it struck the plaintiff.

The plaintiff alleges that the negligent acts of the two defendants were concurrent and proximately caused plaintiff's injuries.

The defendant Hill alleged and offered evidence tending to show that he did not order the plaintiff to climb up on the fender of the automobile, and the plaintiff did so without his knowledge or direction, and that act of the plaintiff was voluntary and unnecessary, as the sack of corn had already been replaced on the truck. The defendant Smathers alleged and offered evidence tending to show that the plaintiff fell off the truck just as he, Smathers, was driving by, and that the plaintiff fell against the Smathers car at a time and under circumstances which made it impossible for the defendant Smathers to avoid the collision.

The issues of negligence as to each of the defendants submitted to the jury were answered in the negative. From judgment thereon in favor of the defendants the plaintiff appealed.

*Cecil C. Jackson for plaintiff, appellant.*

*J. E. Shipman for defendant G. B. Hill, appellee.*

*Harkins, Van Winkle & Walton for defendant W. M. Smathers, appellee.*

PER CURIAM. This cause is one essentially of fact, and the facts have been found by the jury adverse to the plaintiff, under a charge which fully presented the evidence and the law arising thereon to the jury.

The negligence, if any, of the defendant Hill prior to the time the truck stopped on the highway is immaterial. The evidence fails to disclose that either the condition of the truck, or the fact that it was overloaded, in any manner contributed to or proximately caused the fall of the plaintiff. The only material allegation of negligence on the evidence in this case against the defendant Hill is the allegation that said defendant directed the plaintiff to climb up on the fender to adjust the corn. The jury has found the facts on this allegation adversely to the plaintiff. The jury has likewise found that the plaintiff failed to sustain his allegations of negligence as to the defendant Smathers.

We have examined all of the assignments of error of the plaintiff and find in none of them sufficient cause for disturbing the verdict and judgment.

Motion for new trial for newly discovered evidence has been filed. The newly discovered evidence relied upon by the plaintiff would tend to impeach and falsify the testimony of witnesses as to circumstances under which the truck was loaded, and to show that the defendant Hill was in fact present at the time the truck was loaded. This evidence, under the facts in this case, would in any event be immaterial. In the judgment below there is

No error.